2011 ME 131

**Laurie S. KATON**

v.

**BRANDI M.[1] et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 1, 2011.

Decided: Dec. 20, 2011.

1. In an effort to continue to shield the child's identity, we use an initial rather than a full name.

James M. Dunleavy, Esq., Currier & Trask, P.A., Presque Isle, for appellant Laurie S. Katon.

Stephen D. Nelson, Esq., Severson, Hand & Nelson, P.A., Houlton, for appellee father.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, MEAD, GORMAN, and JABAR, JJ.

GORMAN, J.

[¶ 1] Laurie S. Katon appeals from the District Court's (Houlton, *O'Mara, J.*) dismissal of her petition for visitation pursuant to the Grandparents Visitation Act, 19–A M.R.S. § 1803 (2010). This is Katon's third case before us in her continuing litigation with her daughter and former son-in-law concerning their child, her granddaughter. *See generally Guardianship of Jewel M.,* 2010 ME 80, 2 A.3d 301; *Guardianship of Jewel M.,* 2010 ME 17, 989 A.2d 726.

[¶2] In reviewing Katon's petition for visitation before allowing her to proceed, as 19–A M.R.S. § 1803(2) requires, the trial court found that for the majority of her granddaughter's life, Katon's contact with her was typical for a grandparent and not extraordinary. Moreover, while Katon's granddaughter lived with her from August 2008 to August 2010, Katon actively attempted to undermine the father's efforts to have custody of or even see his child. The court found that the grandmother "now seeks to benefit from her own unwarranted conduct." There is competent evidence in the record to support the trial court's findings, and we affirm. *See Handrahan v. Malenko*, 2011 ME 15, ¶13, 12 A.3d 79. Based on these findings, the trial court concluded that because Katon had improperly withheld her granddaughter from the father, she could not establish standing.

[¶3] We have previously held that "urgent reasons" may justify grandparent visitation consistent with constitutional standards. *See Conlogue v. Conlogue*, 2006 ME 12, ¶17, 890 A.2d 691 (citing *Robichaud v. Pariseau*, 2003 ME 54, ¶¶8, 10, 820 A.2d 1212). To date, the only "urgent reasons" we have recognized are when grandparents have acted as de facto parents. *See Davis v. Anderson*, 2008 ME 125, ¶15, 953 A.2d 1166. We decline to recognize the existence of "urgent reasons" for grandparent visitation where a grandparent has improperly withheld a grandchild from his or her parents.[2]

The entry is:

Judgment affirmed.

2. Because we affirm, we do not reach the father's argument regarding the constitutionality of the Grandparents Visitation Act. *See*

*In re Christopher H.*, 2011 ME 13, ¶18, 12 A.3d 64; *Rideout v. Riendeau*, 2000 ME 198, ¶15, 761 A.2d 291.