MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2022 ME 31
Docket:        Pen-21-278
Submitted
  On Briefs:   April 19, 2022
Decided:       June 14, 2022

Panel:         STANFILL, C.J., and MEAD, HORTON, and CONNORS, JJ.[*]

ZENDA L. FISKE

v.

PAUL B.D. FISKE et al.

STANFILL, C.J.

[¶1]  Zenda L. Fiske is Paul B.D. Fiske's mother, Brandy Fiske's mother-in-law, and the grandmother of the three children at issue in this case.[1] The grandmother appeals from an order entered by the District Court (Lincoln, *Stitham, J.*) dismissing her petition for grandparent visitation for lack of standing.  *See* 19-A M.R.S. § 1803(1) (2022).  We affirm.

---

[*]  Although Justice Humphrey participated in the appeal, he retired before this opinion was certified.

[1]  Throughout this opinion, Zenda is referred to as "the grandmother," Brandy as "the mother," and Paul as "the father."

2

## I. BACKGROUND

[¶2]  The grandmother petitioned against the mother and father for visitation rights under the Grandparents and Great-grandparents Visitation Act (GVA), 19-A M.R.S. §§ 1801-1806 (2022).  Her petition was accompanied by an affidavit alleging facts to support her standing as required by 19-A M.R.S. § 1803(2)(A).  In her affidavit, the grandmother asserted that she had cared for the children "nearly seven days a week, including overnights" and that the children "had a strong relationship" with her.  She further asserted that the mother "abruptly ceased all contact" between the grandmother and the children in October 2020.

[¶3]  Pursuant to section 1803(2)(B), the mother filed a responsive affidavit in which she asserted that the grandmother was merely a paid babysitter and detailed the reasons why it was not in the children's best interest to have continued contact with her.[2]  The court indicated that it could not determine from the filings alone whether the grandmother had standing and scheduled a hearing on standing.  *Id.* § 1803(2)(C).

[¶4]  Following the hearing, the court determined that the grandmother did not have standing and dismissed her petition.  In its order, the court did "not

---

[2] The father was duly served but did not participate in the hearing or appeal.

find it more likely than not that" the grandmother has had extraordinary contact with the children or that she has been their primary caregiver and custodian for a significant period, concluding that she did not prove that she had a sufficient existing relationship with the children. *See id.* § 1802(2) (defining "sufficient existing relationship" under the GVA). The grandmother moved for further factual findings and legal conclusions, M.R. Civ. P. 52(b), in response to which the court issued an order with some additional findings, reiterated its initial finding that the mother was "*far* more credible" than the grandmother, and affirmed the dismissal. The grandmother timely appealed. *See* 14 M.R.S. § 1901(1) (2022); 19-A M.R.S. § 104 (2022); M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶5] The grandmother argues that the court applied the wrong standard of proof when it dismissed her petition for failure to establish standing under the GVA. She claims that the court should have determined whether she presented prima facie evidence of standing instead of requiring proof by a preponderance of the evidence. "We review the court's interpretation and application of a statute de novo, looking first to the plain meaning of the statutory language to give effect to the Legislature's intent." *Wuori v. Otis*, 2020 ME 27, ¶ 6, 226 A.3d 771 (quotation marks omitted).

[¶6]   A grandparent can establish standing under the GVA by showing that the grandparent has a "sufficient existing relationship" with a grandchild. 19-A M.R.S. §§ 1802(2), 1803(1)(B).  Before 2018, the statute required the court to "determine on the basis of the petition and the affidavit whether it is more likely than not that there is a sufficient existing relationship or, if a sufficient relationship does not exist, that a sufficient effort to establish one has been made."  19-A M.R.S. § 1803(2)(C) (2017), *amended by* P.L. 2017, ch. 328, § 3 (effective Aug. 1, 2018); *see Dorr v. Woodard,* 2016 ME 79, ¶¶ 20-27, 140 A.3d 467 (urging the Legislature to amend the GVA to reflect the constitutional constraints on its application); *Robichaud v. Pariseau*, 2003 ME 54, ¶ 8, 820 A.2d 1212 ("Standing is established, pursuant to subsection 1803(1)(B), when grandparents prove they have a sufficient relationship that supports an 'urgent reason' to interfere with a fit parent's fundamental right.")

[¶7]   In 2018, the Legislature amended the GVA to require that a grandparent petitioning for visitation "demonstrate standing . . . through a procedure that more closely tracks the procedure for demonstrating standing to obtain de facto parentage of a child under the Maine Parentage Act." L.D. 1670, Summary (128th Legis. 2017).  Specifically, the GVA now provides:

> The court shall determine on the basis of the pleadings and affidavits under [section 1803(2)(A)-(B)] whether the grandparent

has presented prima facie evidence of standing under [section 1803(1)]. The court may in its sole discretion, if necessary and on an expedited basis, hold a hearing to determine disputed facts that are necessary and material to the issue of standing.

19-A M.R.S. § 1803(2)(C) (2022). As a result of the 2018 amendment, the procedures to determine standing under the GVA and the de facto parentage statute are essentially identical. *Compare* 19-A M.R.S. § 1803(2)(A)-(C) *with* 19-A M.R.S. § 1891(2)(A)-(C) (2022).

[¶8] We clarified the standard of proof needed to show standing under the de facto parentage statute in *Davis v. McGuire*, 2018 ME 72, 186 A.3d 837. There, we held that "a party seeking to be adjudicated as a de facto parent is subject to a preliminary burden to persuade the court of the party's standing, and not merely to produce evidence of standing. . . . [T]he claimant's evidence must be persuasive, meaning that the proof must be at least a preponderance." *Id.* ¶¶ 25-26 (citation omitted). Given that the de facto parentage statute and the GVA have the same framework for determining standing, *Davis*'s holding that a single standard of proof—preponderance of the evidence—governs standing determinations under the de facto parentage statute applies with equal force to the GVA. *See id.* ¶ 19. The court correctly required the grandmother to prove standing by a preponderance of the evidence.

6

[¶9]  The grandmother also argues that the court's findings as to standing were clearly erroneous.  Because the grandmother had the burden of proof at the hearing on standing, she must establish on appeal that the evidence compelled the court to find in her favor.  *Id.* ¶ 28.  She has failed to do so.

[¶10]  Because the court applied the correct standard of proof and the record did not compel the court to make factual findings in the grandmother's favor, we affirm.

The entry is:

Judgment affirmed.

---

Zachary Brandmeir, Esq., Bangor, for appellant Zenda L. Fiske

Robert Van Horn, Esq. Van Horn Law Office, Ellsworth, for appellee Brandy Fiske

Lincoln District Court docket number FM-2021-18
FOR CLERK REFERENCE ONLY